**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff Martis Childs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIS CHILDS,<br><br>              Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES,<br>RICHARD BIDDLE, KENT<br>WEGENER, BARRY HALL, and<br>DOES 1–10,<br><br>              Defendants. | Case No. 25-cv-415-JFW(SKx)<br><br>*Hon. Judge John F. Walter*<br>*Hon. Magistrate Judge Steve Kim*<br><br>**JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT**<br><br>Date: June 9, 2025<br>Time: 1:15 p.m.<br>Ctrm: 7A<br><br>Complaint (with Demand for Jury Trial) Filed: Janurary 1, 2025<br>Responsive Pleading Filed: April 4, 2025<br>Trial (Proposed): June 29, 2026 |

Pursuant to this Court's April 22, 2025 Order (ECF No. 21), as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties submit the following report, by and through their respective counsel of record:

## I. JURISDICTION, VENUE, AND SERVICE

This civil action is brought for alleged deprivations of the constitutional rights as protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has original jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States and the United States Constitution.

All named defendants have been served.

## II. STATEMENT OF THE CASE

### A. Plaintiff's Statement

This case arises from the wrongful prosecution and conviction of Plaintiff Martis Childs, who spent approximately 14 years in prison for a 2006 murder he did not commit. Plaintiff alleges that Los Angeles County Sheriff's Department detectives suppressed critical exculpatory evidence, including a March 11, 2009 holding cell recording and multiple prior witness statements that undermined the prosecution's case. Plaintiff further alleges that key witness identifications were improperly manipulated through suggestive procedures, and that material evidence contradicting the prosecution's theory was withheld for over a decade. Plaintiff was ultimately acquitted at retrial in 2023 after this suppressed evidence was disclosed.

### B. Defendants' Statement

This case arises from the February 6, 2006, murder of Joseph Bryant, and shooting of Trarell Mathis on or around Pace Avenue in Los Angeles, California. Following an investigation, Plaintiff was tried and convicted by a jury of first degree murder and attempted first degree murder. On appeal, Plaintiff's conviction was affirmed. In around 2014, Plaintiff filed a petition for writ of habeas corpus. Following an evidentiary hearing in around 2019, the court granted Plaintiff's habeas petition and ordered Plaintiff to be retried. Plaintiff was retried in and around October 2023, and on October 31, 2023, a jury acquitted Plaintiff. Plaintiff alleges that while preparing for the retrial, Plaintiff's defense attorney received exculpatory evidence for the first time.

The principal factual issues in dispute are whether Defendants' conduct violated Plaintiff's federal constitutional rights and constitute claims under California law.

## III.    LEGAL ISSUES

### A.    Plaintiff's Statement

The key legal issues in dispute include:

- Whether Defendants violated Plaintiff's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing material exculpatory or impeachment evidence;

- Whether the suggestive identification procedures violated Plaintiff's due process rights under *Manson v. Brathwaite*, 432 U.S. 98 (1977), and *Neil v. Biggers*, 409 U.S. 188 (1972);

- Whether Defendants engaged in malicious prosecution in violation of the Fourth Amendment under 42 U.S.C. § 1983;

- Whether Los Angeles County is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for maintaining policies or practices that led to the constitutional violations;

- Whether Defendants are liable under California law for malicious prosecution, false arrest, false imprisonment, negligence, and violations of the Bane Act (Cal. Civ. Code § 52.1).

### B.    Defendants' Statement

- Whether Plaintiff's allegations and proof thereof give rise to his asserted claims as a matter of law;

- Whether Defendants are immune from claims for constitutional violations alleged to have occurred during the judicial phase of the proceedings (*see Imbler v. Pachtman*, 424 U.S. 409 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993));

- Whether Defendants are immune from state law claims pursuant California state law, (*see* California Government Code §§ 821.6 and 815.2);

- Whether Defendant can be held liable for violations of California Civil Code § 52.1 when Plaintiff failed to allege an interference with rights secured by federal or state law carried out by threats, intimidation or coercion (*see Reese v. Cty. of Sacramento,* 888 F.3d 1030, 1040 (9th Cir. 2018);

- Whether Defendant County of Los Angeles can be held liable for negligence pursuant to California state law (*see* California Civil Code § 1714).

## IV.    MOTIONS

There are no prior or pending motions.

Plaintiff does not anticipate filing any dispositive motions. However, Plaintiff expects to file motions in limine and *Daubert* motions prior to trial, if necessary. Additionally, depending on how discovery progresses, Plaintiff may file discovery-related motions should disputes arise that cannot be resolved informally. At present, there are no prior or pending motions.

Defendant anticipates filing motions pursuant to Federal Rules of Civil Procedure 12(c) and/or 56 contesting the sufficiency of the pleadings and asserting immunity under federal and state law.

## V.    AMENDMENTS AND ADDITIONS

Plaintiffs are not currently aware of the identity of every individual involved in the alleged misconduct. Plaintiffs believe that initial written discovery and depositions will assist in identifying any additional individuals who should be named as defendants. Plaintiffs intend to promptly amend the complaint to include any such individuals as soon as their identities are confirmed through discovery.

To allow sufficient time for this process, the parties propose that the deadline to amend the pleadings be set for July 18, 2025.

## VI. DEFENDANT DOES NOT ANTICIPATE ADDING ANY DEFENSES, BUT SHOULD PLAINTIFF FILE AN AMENDED COMPLAINT, DEFENDANTS WILL ADD ANY ADDITIONAL APPLICABLE DEFENSES.  INITIAL DISCLOSURES

The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on May 28, 2025. These initial disclosures will identify categories of information and documents, with the understanding that the actual documents will be produced subsequently. The parties are coordinating the timing of document production following the exchange of disclosures.

## VII. DISCOVERY

Plaintiff has served his first set of Requests for Production of Documents, with responses due June 13, 2025. Plaintiff intends to conduct broad discovery into the individual defendants' past conduct, both for the direct claims and the *Monell* claim against the County. Given the defendants' long careers and the gravity of the allegations—wrongful prosecution and fourteen years of imprisonment—Plaintiff believes this scope is justified. Plaintiff will notice depositions of Richard Biddle, Kent Wegener, and Barry Hall. Plaintiff also anticipates deposing Andrew Kim (first trial prosecutor) and Michael Balmer (first trial defense counsel), both of whom will provide testimony relevant to Plaintiff's *Brady* claim. Plaintiff also anticipates retaining expert witnesses to address proper Brady disclosure practices and law enforcement identification procedures, which will be relevant to both the individual and Monell claims.

At this time, no modifications to the discovery rules are proposed. The parties will cooperate to develop a discovery schedule, including sequencing and accommodations for personnel files and third-party subpoenas.

The parties have stipulated to a Protective Order and are awaiting the Court's entry of that order before exchanging documents.

## VIII.  RELATED CASES

The Parties are not aware of any related matters.

## IX.  RELIEF SOUGHT

Plaintiffs contend that this case arises from the wrongful prosecution and imprisonment of Plaintiff, who spent 14 years incarcerated for a crime he did not commit. Given the nature and gravity of the harm, including the loss of liberty, emotional distress, reputational damage, and lost opportunities, Plaintiff contends that a precise calculation of damages is not particularly meaningful at this stage. However, based on the scope and duration of the harm suffered, Plaintiff estimates that his damages exceed $20 million. Plaintiff seeks both compensatory and punitive damages, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## X.  CERTIFICATION OF INTERESTED PARTIES

The parties have filed their Certifications as to Interested Parties or Persons in accordance with the Local Rules (ECF No. 3 and ECF No. 18). At this time, Plaintiff is not aware of any persons, firms, partnerships, corporations (including parent corporations), or other entities that have a financial interest in the subject matter in controversy or in any party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding, other than the named parties. The parties will file updated certifications if new information becomes available.

## XI.  PROPOSED CASE SCHEDULE

| | |
|---|---|
| Completion of fact discovery | March 2, 2026 |
| Initial expert disclosures | March 9, 2026 |
| Rebuttal expert disclosures | March 30, 2026 |
| Completion of expert discovery | April 13, 2026 |

| Last date to hear dispositive or other motions, other than motions *in limine* | April 27, 2026 |
|---|---|
| Last day to file motions *in limine* | May 11, 2026 |
| Final pretrial conference | June 15, 2026 |
| Trial date | June 29, 2026 |

## XII.  TRIAL

The parties request a jury trial in this matter. Based on the current scope of claims and anticipated witnesses, the parties estimate that the trial can be completed in approximately ten court days.

## XIII. SETTLEMENT AND ADR

The parties have not yet engaged in settlement negotiations and do not believe that such discussions would be productive until some discovery has been completed and the key depositions have been taken. Both sides agree that the factual development of the case is essential to any meaningful evaluation of settlement. The parties elect to participate in private mediation as the preferred method of alternative dispute resolution and will work cooperatively to schedule mediation at an appropriate stage of the case, once sufficient discovery has occurred.

## XIV. COMPLEXITY

This case does not require special procedures for complex cases.

## XV.  DISPOSITIVE MOTIONS

Plaintiffs do not anticipate filing any dispositive motions.

As set forth above, Defendant anticipates filing motions pursuant to Federal Rules of Civil Procedure 12(c) and/or pursuant to Rule 56.

## XVI. UNUSUAL LEGAL ISSUES

The parties are not aware of any unusual legal issues implicated in this case.

## XVII. BIFURCATION OR SEVERANCE

There are no agreements regarding severance, bifurcation, or other ordering of proof.

## XVIII. LEAD TRIAL COUNSEL

Lead Trial Counsel for Plaintiff is Dale K. Galipo, Plaintiff is also represented by Cooper Alison-Mayne. Both attorneys are registered to received ECF notifications. Lead Trial Counsel for Defendants is Adam D. Kamenstein of Adams, Duerk & Kamenstein LLP, who is registered to receive ECF notifications. Attorney Kamenstein's email address is: Adam.Kamenstein@adkfirm.com. Defendants are also represented by Christine Adams and Karen Escalante of Adams, Duerk & Kamensten LLP.  Attorney Adams' email address is: Christine.Adams@adkfirm.com and Attorney Escalante's email address is: Karen.Escalante@adkfirm.com.


Dated: May 23, 2025            **LAW OFFICES OF DALE K. GALIPO**


By:    */s/   Cooper Mayne*
          Dale K. Galipo
          Cooper Mayne
          *Attorneys for Plaintiff Martis Childs*


Dated: May 23, 2025

          */s/ Karen Escalante*
          Adam Kamenstein
          Christine Adams
          Karen Escalante
          ADAMS, DUERK & KAMENSTEIN LLP

          *Attorneys for Defendants*
          COUNTY OF LOS ANGELES,
          RICHARD BIDDLE, KENT WEGENER,
          and BARRY HALL