UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martis Childs, | ) Case No.: **CV 25-415-JFW(SKx)** |
| Plaintiff, | ) **SCHEDULING AND CASE MANAGEMENT** |
| | ) **ORDER** |
| v. | ) |
| | ) |
| County of Los Angeles, et al., | ) |
| Defendants. | ) |
| _____ | ) |

The purpose of this Order is to notify the parties and their counsel of the deadlines and the schedule that will govern this action.  SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.  Ordinarily, the dates set forth on the last page are determined after reviewing the parties' Joint Report or consultation with the parties at the Scheduling Conference.  Accordingly, the dates and requirements are firm.  The Court is very unlikely to grant continuances, even if stipulated to by the parties, unless the parties establish good cause through a concrete showing.  **Because this Order in some respects modifies the applicable Local Rules, counsel are advised to read it carefully to avoid default on the obligations established herein.  Counsel are advised to pay particular attention to the requirements of the Court with**

**respect to electronic filing, the filing of motions for summary judgment, and the documents to be submitted at the Pre-Trial Conference and Trial.**

**1.   ELECTRONIC FILING AND COURTESY COPIES**

The parties shall comply with Section 3 of the Court's Standing Order with respect to electronic filing and courtesy copies.

**2.   DISCOVERY**

All discovery shall be completed by the discovery cut-off date specified on the last page of this Order.  **THIS IS <u>NOT</u> THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY, INCLUDING EXPERT DISCOVERY, SHALL BE COMPLETED.**  The Court does not enforce side agreements to conduct discovery beyond the discovery cut-off date.

Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

**(a)   Depositions**

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date.

/ / /

**(b)  Written Discovery**

All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

**(c)  Discovery Motions**

Whenever possible, the Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable, and professional manner.  If they do so, resort to the Court for guidance in discovery is seldom necessary. The Magistrate Judge assigned to this case will rule on discovery motions and protective orders.

**(d)  Expert Discovery**

If expert witnesses are to be called at trial, the parties shall designate <u>affirmative</u> experts to be called at trial and shall provide reports required by Fed.R.Civ.P. 26(a)(2)(B) not later than eight weeks prior to the discovery cut-off date.  <u>Rebuttal</u> expert witnesses shall be designated and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B) not later than five weeks prior to the discovery cut-off date.  Any non-retained expert designated by a party as an affirmative or rebuttal expert shall also prepare and provide an expert report in the form described by Fed.R.Civ.P. 26(a)(2)(B).  Expert witnesses will be bound by the opinions expressed in their reports prepared in accordance with Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer new opinions at trial.  Failure to timely comply with this

deadline will result in the expert being excluded at trial as a witness.

**3.   MOTIONS - GENERAL PROVISIONS**

All law and motion matters, except for motions in limine, must be set for <u>hearing</u> (not filed) by the motion cut-off date specified on the last page of this Order.  The Court will deny or strike late-filed motions.  The title page of all motions must state the hearing date and time for the motion, the Pre-Trial Conference date, and the Trial date.

Once a party has noticed a motion for hearing on a particular date, the hearing shall not be continued without leave of Court. If the Court concludes that a motion can be resolved without argument, the Court will notify the parties in advance.

If counsel does not intend to oppose a motion, counsel shall immediately inform the Courtroom Deputy by e-mail and immediately file a Notice of Non-Opposition in accordance with the Local Rules.  The parties should note that failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.  *See* Local Rules.

Ex parte practice is strongly discouraged.  The Court will require strict adherence to proper ex parte procedures for any ex parte application filed with the Court.  *See* Local Rules and the Court's Standing Order.

**(a)   Applications and Stipulations to Extend Time**

No application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it.  Any application or

stipulation to extend the time to file any required document
or to continue any date must set forth the following:

      (1)  the existing due date or hearing date, as well
as all dates set by the Court, including the discovery cut-
off date, the Pre-Trial Conference date, and the Trial date;

      (2)  the new dates proposed by the parties;

      (3)  specific, concrete reasons supporting good
cause for granting the extension; and

      (4)  whether there have been prior requests for
extensions by any party, and whether those requests were
granted or denied by the Court.

    The application or stipulation must be accompanied by a
separate proposed order.  The proposed order shall include
the existing due date(s) or hearing date(s) as well as the
new proposed date(s).

    Failure to comply with the provisions of this section may
result in the denial of the application or stipulation.

**(b)  Joinder of Parties and Amendment of Pleadings**

    The deadline for joining parties and amending pleadings
is sixty days from the date of this Order.  Any motions to
join other parties or for leave to amend the pleadings shall
be filed within twenty days of the date of this Order so that
they can be heard and decided prior to the deadline.

    In addition to the requirements of the Local Rules, all
motions to amend the pleadings shall: (1) state the effect of
the amendment; and (2) state the page, line number(s), and
wording of any proposed change or addition of material.  The
parties shall file and deliver to Chambers a redlined version

of the proposed amended pleading indicating all additions and/or deletions of material.

   **(c)  Withdrawal or Substitution of Counsel**

   The Court will not grant a request for approval of substitution of counsel after an action has been set for trial unless: (1) counsel files the request using the most recent version of the appropriate forms provided on the Court's website; and (2) the request is accompanied by a declaration signed by a substituting attorney indicating that such attorney has been advised of the trial date and will be prepared to proceed with trial as scheduled.  Any request for substitution of counsel which is not on the proper form or is not accompanied by a declaration signed by a substituting attorney as set forth above will be denied.

   Counsel who wish to withdraw and substitute their client *pro se* must file a regularly noticed motion to withdraw which demonstrates good cause for the request to withdraw.  The Court will not consider such a motion unless: (1) the motion is accompanied by a declaration signed by the client indicating that the client consents to the withdrawal, has been advised of the time and date of trial, and will be prepared to represent themselves *pro se* on the scheduled trial date; or (2) the Court is otherwise satisfied for good cause shown that the attorney should be permitted to withdraw.

**4.  SUMMARY JUDGMENT MOTIONS**

   The Court will only entertain ONE summary judgment motion by a party.  In the event a party believes that more than one

summary judgment motion is necessary to expedite the resolution of issues in the action, the party must obtain leave of court to file more than one summary judgment motion. The Court will require strict adherence to the following requirements:

> **(a)   Statement Of Uncontroverted Facts and Conclusions of Law and Statement of Genuine Disputes of Material Fact**

The Statement of Uncontroverted Facts and Conclusions of Law is to be prepared in a two column format.  The left hand column should set forth the allegedly undisputed fact or conclusion of law.  The right hand column should set forth the evidence that supports the factual statement or conclusion of law.  The factual statements and conclusions of law should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact or conclusion of law.  Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's Statement of Genuine Disputes of Material Fact must track the movant's Statement of Uncontroverted Facts exactly as prepared.  The document must be in two columns; the left hand column must restate the allegedly undisputed fact, and the right hand column must restate the moving party's evidence in support of the fact, and indicate either undisputed or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed.  Where the opposing party is disputing the

fact in whole or part, the opposing party must, in the right hand column, set forth the evidence controverting the fact. Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite to the evidence alleged to be objectionable and state the ground of the objection and nothing more.  Counsel are reminded that unwarranted factual denials made in the context of a Summary Judgment Motion are subject to Rule 11 sanctions.  **No argument should be set forth in this document.**

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's Statement of Uncontroverted Facts.  These additional facts shall follow the movant's facts, shall continue in sequentially numbered paragraphs (*i.e.*, if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and the evidence that supports the new fact shall be set forth in the right hand column.

The moving party, together with its reply, shall file a separate document entitled "Combined Statement of Facts" that (1) restates the entirety of the opposing party's Statement of Genuine Disputes of Material Fact and (2) responds to any additional facts in the same manner and format that the opposing party must follow in responding to the Statement of Uncontroverted Facts, as described above.

/ / /

/ / /

**(b)  Supporting Evidence**

No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  Thus, for example, entire sets of interrogatory responses, or documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment.  Any such material will not be considered.

Evidence submitted in support of or in opposition to a motion for summary judgment should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities.  The Court will accept counsel's authentication of deposition transcripts, written discovery responses, and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

All exhibits submitted in support of, and in opposition to, a motion for summary judgment shall be consecutively numbered; no two exhibits shall bear the same number.  For example, if the moving party submits one declaration and one request for judicial notice, with four exhibits attached to each document, the exhibits attached to the declaration shall

be marked 1 through 4, and the exhibits attached to the request for judicial notice shall be marked 5 through 8. The opposing party's exhibits shall then commence with number 9. Immediately above or below the page number on each page of an exhibit, the parties shall mark "[Party Name]'s Summary Judgment Exhibit No. __".

All exhibits shall be separately filed on CM/ECF, and each exhibit on the docket shall include a meaningful description such that the exhibit can be easily identified. For example, if a declaration in support of a motion for summary judgment appears as Docket No. 30, exhibit 1 to the declaration should be filed as Docket No. 30-1 with a description of the exhibit that includes the title of the exhibit and the exhibit number (*e.g.*, Exhibit 1: Letter from John Doe to Jane Doe dated January 1, 2021). Exhibit 2 to the declaration should be filed as Docket No. 30-2 with a description of the exhibit which includes the title of the exhibit and exhibit number (Exhibit 2: Letter from Jane Doe to John Doe dated January 2, 2021), and so on.

In addition to the foregoing, any party who offers deposition testimony in support of or in opposition to a motion for summary judgment shall prepare and file a separate document for each deponent which contains only those questions and answers, and any objections made at the time of the deposition to those questions, that a party is relying on to support their motion, with a citation to the appropriate page and line number(s) in the deposition transcript.

/ / /

The parties shall also deliver to chambers (<u>but not file</u>) one copy of the entire deposition transcript (single-sided condensed transcript including the word index) of each deposition referenced.  The deposition transcripts shall be placed in a slant D-ring binder with each transcript separated by a tab divider on the right side and three-hole punched at the left margin with the oversized 13/32" hole size, not the standard 9/32" hole size.  The deposition transcript binder shall include a Table of Contents and the spine of each binder shall be labeled with its contents.

Courtesy Copies of all evidence in support of and in opposition to a motion for summary judgment shall be provided to the Court in accordance with Section 3 of the Court's Standing Order.

In addition to the foregoing, the parties shall meet and confer and prepare two binders, one binder containing a joint set of all <u>exhibits</u> relied on by the parties in support of and in opposition to the motion for summary judgment ("Joint Exhibit Binder"), and the other binder containing a joint set of all <u>declarations</u> relied on by the parties in support of and in opposition to the motion for summary judgment ("Joint Declarations Binder").  The parties shall file the Joint Set of Exhibits with a cover page titled "Joint Set of Exhibits" and the Joint Set of Declarations with a cover page titled "Joint Set of Declarations" with the Reply.  The parties shall also deliver to Chambers Courtesy Copies of both the Joint Exhibit Binder and Joint Declarations Binder in accordance with Section 3 of the Court's Standing Order.

The Joint Exhibit Binder and Joint Declarations Binder
shall include a Table of Contents, and the spine of each
binder shall be labeled with its contents.  The Table of
Contents for the Joint Exhibit Binder and Joint Declarations
Binder shall specifically describe each summary judgment
exhibit or declaration and include a citation to each
paragraph number in the Combined Statement of Facts that
refers to the exhibit or declaration (*e.g.* Plaintiff's
Summary Judgment Exhibit No. 1 - Letter from John Doe to Jane
Doe dated January 1, 2007 Re: Reasons for Jane Doe's
termination) (Combined Statement of Facts Nos. 2, 8, 10).  In
preparing the Table of Contents, counsel should <u>not</u> create a
new set of exhibit numbers.  Counsel shall use the same
exhibit numbers that were used to identify the documents in
the Motion for Summary Judgment.

When filing the Joint Set of Exhibits and Joint Set of
Declarations electronically, each exhibit or declaration
shall be separately filed on CM/ECF and the description of
the exhibit or declaration on the docket shall track the
description of the exhibit or declaration in the Table of
Contents.

**(c)  Objections to Evidence**

If a party disputes a fact based in whole or in part on
an evidentiary objection, the ground for the objection, as
indicated above, should be stated in the Statement of Genuine
Disputes of Material Fact or Combined Statement of Facts but
not argued in that document.  Evidentiary objections are to
be addressed in a separate memorandum to be filed with the

opposition or reply brief of the party.  This memorandum should be organized **to track the paragraph numbers of the Statement of Genuine Disputes of Material Fact or Combined Statement of Facts in sequence**.  It should identify the specific item of evidence to which objection is made, or in the case of deposition testimony it should quote the relevant testimony, the ground for the objection, and a very brief argument with citation to authority as to why the objection is well taken.  The following is an example of the format required by the Court:

> Combined Statement of Facts Paragraph 10: Objection to the supporting deposition testimony of Jane Smith [quote testimony] at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable.  To the extent it is offered to prove her state of mind, it is irrelevant because her state of mind is not in issue.  Fed. R. Evid. 801, 802.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPONENT'S STATEMENT OF FACTS. THESE WILL BE DISREGARDED AND OVERRULED.**

**(d)  The Memorandum of Points and Authorities**

The movant's memorandum of points and authorities should be in the usual form required under Local Rules and should contain a narrative statement of facts as to those aspects of the case that are before the Court.  All facts should be supported with citations to the paragraph number in the

/ / /

13

Statement of Uncontroverted Facts that supports the factual assertion <u>and not to the underlying evidence</u>.

Unless the case involves some unusual twist, the motion need only contain a brief statement of the Fed.R.Civ.P. 56 standard; the Court is familiar with the Rule and with its interpretation under *Celotex* and its progeny.  If at all possible, the argument should be organized to focus on the pertinent elements of the claim(s) for relief or defense(s) at issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by the Local Rules.  Where the opposition memorandum sets forth facts, those facts should be supported with citations to the paragraph number in the Statement of Genuine Disputes of Material Fact <u>and not to the underlying evidence</u>.

**(e)  Proposed Statement of Decision**

No more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record.  The Proposed Statement of Decision shall not exceed twenty pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion.  The Proposed Statement of Decision shall be submitted to the Court in accordance with the Local Rules and shall be e-mailed in WordPerfect or Word format to the Chambers'

e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing.  Failure to lodge the Proposed Statement of Decision will result in the denial or granting of the motion.

**(f)  Timing**

Parties should not wait until the motion cut-off date to bring motions for summary judgment or partial summary judgment.  Early completion of non-expert discovery and filing of motions for summary judgment may eliminate or reduce the need for expensive expert depositions which are normally conducted in the last stages of discovery.

**Caveat:  Failure of the moving party to comply with these procedures regarding summary judgment motions will result in the denial of the Motion for Summary Judgment.  If a party fails to respond to a Motion for Summary Judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy, which will likely result in the granting of the Motion for Summary Judgment.**

**5.  MOTIONS IN LIMINE**

The Court will only entertain a maximum of five motions in limine by a party.  In the event a party believes that more than five motions in limine are necessary, the party must obtain leave of Court to file more than five motions in limine.  The Court will not hear or resolve motions in limine that are disguised summary judgment motions.  No application to file under seal will be granted with respect to a motion in limine or any documents submitted with the motion in limine.

1    Before filing any motion in limine, lead counsel for the
2  parties shall confer in a good faith effort to eliminate the
3  necessity for hearing the motion in limine or to eliminate as
4  many of the disputes as possible.  It shall be the
5  responsibility of counsel for the moving party to arrange for
6  this conference.  The conference shall take place in person
7  within ten calendar days of service upon opposing counsel of
8  a letter requesting such conference, but in no event later
9  than twenty-one days before the Pre-Trial Conference.  Unless
10 counsel agree otherwise, the conference shall take place at
11 the office of the counsel for the moving party.  If lead
12 counsel are not both located within the Central District, the
13 conference may take place via video (letters and e-mail, for
14 example, do not constitute a proper conference).

15    The moving party's letter shall identify the testimony,
16 exhibits, or other specific matters alleged to be
17 inadmissible and/or prejudicial, shall state briefly with
18 respect to each such matter the moving party's position (and
19 provide any legal authority that the moving party believes is
20 dispositive), and shall specify the terms of the order to be
21 sought.

22    If counsel are unable to resolve their differences, they
23 shall prepare and file a separate, sequentially numbered
24 Joint Motion in Limine for each issue in dispute which
25 contains a clear caption which identifies the moving party
26 and the nature of the dispute (*e.g.*, "Plaintiff's Motion in
27 Limine #1 to exclude the testimony of Defendant's expert").
28 Each Joint Motion in Limine shall consist of one document

signed by all counsel.  The Joint Motion in Limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities.  The title page of the Joint Motion in Limine must state the Pre-Trial Conference date, hearing date for the motions in limine, and Trial date.

Joint Motions in Limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration that includes the following: (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

/ / /

/ / /

Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine.

The Court's Courtesy Copies shall be provided to the Court in accordance with Section 3 of the Court's Standing Order.

The Court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (1) failed to confer in a timely manner; (2) failed to provide the opposing party's portion of the joint motion in a timely manner; or (3) refused to sign and return the joint motion after the opposing party's portion was added.

Unless otherwise ordered by the Court, motions in limine should be filed and will be heard on the dates specified on the last page of this Order.  Unless the Court in its discretion otherwise allows, no motions in limine shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.

The failure of any counsel to comply with or cooperate in the foregoing procedures will result in the imposition of sanctions, including a resolution of the issue against the party refusing to cooperate.

/ / /

/ / /

/ / /

/ / /

**6.    PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

   **(a)   General Provisions**

   The Pre-Trial Conference ("PTC") will be held on the date specified on the last page of this Order, unless the Court expressly waived a PTC.

   The lead trial attorney on behalf of each party shall attend both the PTC and all meetings of the parties in preparation for the PTC, unless excused for good cause shown in advance of the PTC.

   A continuance of the PTC at the parties' request or by stipulation is highly unlikely.  **Specifically, failure to complete discovery is not a ground for continuance.**

   At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to:  bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts; narrative summaries and/or stipulations as to the content of testimony; presentation of testimony on direct examination by affidavit or by declaration subject to cross-examination; and qualification of experts by admitted resumes.  The Court will also discuss settlement.

   **(b)   Form of Pre-Trial Conference Order ("PTCO")**

   The proposed PTCO shall be filed by the date specified on the last page of this Order.  Adherence to this time requirement is necessary for in-chambers preparation of the matter.  The PTCO shall include the date of the L.R. 16-2 conference and the names of each attorney in attendance at the L.R. 16-2 conference.  The form of the proposed PTCO

shall comply with Appendix A to the Local Rules and the following:

(1)  Place in "ALL CAPS" and in **bold** the separately numbered headings for each category in the PTCO (*e.g.*, "**1. THE PARTIES**" or "**7.   CLAIMS AND DEFENSES OF THE PARTIES**").

(2)   Include a Table of Contents at the beginning.

(3)   In specifying the surviving pleadings, state which claims or counterclaims have been dismissed or abandoned (*e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."). Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, specify to which party each claim or counterclaim is directed.

(4)   In drafting the PTCO, the Court expects that the parties will attempt to agree on and set forth as many uncontested facts as possible.  A carefully drafted and comprehensively stated stipulation of facts will assist the Court in preparing for the Pre-Trial Conference.

**(5)  In specifying the parties' claims and defenses in Section 7 of the PTCO, each party shall closely follow the examples set forth in Appendix A of the Local Rules.**

(6)   The Court may submit fact issues to the jury in the form of findings on a special verdict form.  The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

(7)   If expert witnesses are to be called at trial, each party must list and identify its respective expert

1  witnesses, both retained and non-retained.  Failure of a
2  party to list and identify an expert witness in the PTCO
3  shall preclude the party from calling that expert witness at
4  trial.

5      **(c)  Rule 16 Filings; Memoranda; Witness Lists; Exhibit**
6           **Lists; Numbering of Exhibits**

7      The parties must comply fully with the requirements of
8  Local Rule 16.  They shall file carefully prepared Memoranda
9  of Contentions of Fact and Law (which may also serve as the
10 trial brief), along with their respective Witness Lists and
11 Exhibit Lists, in accordance with the Local Rules unless
12 otherwise noted or modified by this Order.

13     Trial Exhibits shall be numbered in accordance with this
14 Order and not the Local Rules.  Prior to the Local Rule 16-2
15 meeting, the parties shall designate the approximate number
16 of exhibits they each intend to offer at trial and then
17 assign a range of numbers for that party to use in numbering
18 its exhibits.  For example, the parties may assign numbers 1
19 through 50 to Plaintiff, and numbers 51 through 100 to
20 Defendant.  Plaintiff shall then sequentially number its
21 trial exhibits from 1 to 50; Defendant shall sequentially
22 number its exhibits from 51 to 100.  No two exhibits shall
23 bear the same number. The Court recognizes that not all
24 assigned numbers may be used by the parties, and that there
25 may be gaps in the numerical sequence on the Exhibit List and
26 Pre-trial Exhibit Stipulation. Once an exhibit has been
27 assigned an exhibit number in the Exhibit List or Pre-trial
28

Exhibit Stipulation filed with the Court, that exhibit number shall not change and shall be used for that exhibit at trial.

**(d)   Summary of Witness Testimony and Time Estimates**

Counsel shall prepare a list of their witnesses, including a brief summary (two to three paragraphs) of each witness's expected testimony, an estimate of the length of time needed for direct examination, and whether the witness will testify by deposition or in person.  Counsel shall exchange these lists with opposing counsel.  **Counsel shall jointly file a single list of witness testimony summaries, including estimates for direct examination of their own witnesses and estimates for cross-examination of opposing witnesses.**  The joint witness testimony summaries shall be filed at the same time counsel submit the PTCO.  If a party intends to offer deposition testimony into evidence at trial, the party shall comply with the Local Rules.

**(e)   Pre-Trial Exhibit Stipulation**

The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response.  All exhibits to which there is no objection shall be deemed admitted.  The parties shall also identify each witness they anticipate will testify about and/or lay the foundation for the exhibit.  All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify any exhibits for which

authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

The Pre-Trial Exhibit Stipulation shall be substantially in the following form:

Pre-Trial Exhibit Stipulation

Plaintiff(s)' Exhibits

Number  Description  Witness  If Objection, State Grounds  Response to Objection

Defendant(s)' Exhibits

Number  Description  Witness  If Objection, State Grounds  Response to Objection

The Pre-Trial Exhibit Stipulation shall be filed at the same time counsel file the PTCO.  Failure to comply with this paragraph shall constitute a waiver of all objections. **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND OVERRULED.**

**(f)  Jury Instructions, Verdict Forms, Special Interrogatories**

Fourteen days before the required Local Rule 16-2 meeting, the parties shall exchange proposed jury instructions, verdict forms, and, if necessary, special interrogatories.  Seven days before the meeting, counsel shall exchange written objections, if any, to the proposed jury instructions, verdict forms, and special interrogatories.  At the required meeting, lead counsel shall confer with the objective of submitting one set of agreed upon instructions, a verdict form, and, if necessary, special interrogatories.

/ / /

1   If lead counsel agree upon one complete set of jury
2   instructions, they shall file a joint set of proposed jury
3   instructions, arranged in a logical sequence with each
4   instruction sequentially numbered, and identified as
5   "Stipulated Instruction No. __ Re _____," with the blanks
6   filled in as appropriate.  If the parties cannot agree upon
7   one complete set of jury instructions, they shall file the
8   following two joint documents with the Court:

9       (1)  A joint set of proposed jury instructions
10  arranged in a logical sequence with each instruction
11  sequentially numbered.  If undisputed, an instruction shall
12  be identified as "Stipulated Instruction No. __ Re _____,"
13  with the blanks filled in as appropriate.  If disputed, each
14  alternate version of the disputed instruction shall be
15  inserted together (back to back) in their logical place in
16  the overall sequence.  Each such disputed instruction shall
17  be identified as "Disputed Instruction No. __ Re _____
18  Proposed By _____," with the blanks filled in as
19  appropriate.  All disputed versions of an instruction shall
20  bear the same instruction number.  If a party does not have a
21  counter-version of an instruction and simply contends no such
22  instruction should be given, then that party should so state
23  (and explain why) on a separate page inserted in lieu of an
24  alternate version; and

25      (2)  A joint memorandum of law in support of each
26  party's disputed instructions, organized by instruction
27  number.  The joint memorandum of law shall quote the text of
28  each disputed instruction and shall set forth each party's

respective position and legal authority, immediately after the text of each disputed instruction.

Each proposed instruction, whether agreed upon or disputed, shall (a) be set forth in full on a separate page; (b) embrace only one subject or principle of law; (c) cite to the legal authority for or source of the instruction; and (d) reference the claim for relief to which the instruction relates with a citation to Section 7 of the PTCO.

**A Table of Contents shall be included with all jury instructions submitted to the Court.**  The Table of Contents shall set forth the following:

(1)  The number of the instruction;

(2)  A brief title of the instruction;

(3)  Whether it is undisputed or disputed;

(4)  The source of the instruction; and

(5)  The page number of the instruction.

For example:

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| 1 | Burden of Proof (Undisputed) | 9th Cir. Man. of Model Jury Instr. 5.1 | 5 |

The Court directs counsel to use the instructions from the Ninth Circuit Manual of Model Jury Instructions (West Publishing, most recent edition) where applicable.  Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the Judicial Council of California Civil Jury Instructions ("CACI") (LexisNexis Matthew Bender, most recent edition). If neither of these sources is applicable, counsel are

directed to use the instructions from O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> (West Group, most recent edition).  Any modifications made to the original form instruction from the foregoing sources (or any other form instructions) must be specifically identified, along with the authority supporting the modification.  **Counsel shall not submit proposed preliminary instructions that are given to the jury prior to opening statements.**

If the parties agree upon a verdict form and/or special interrogatories, they shall file a joint verdict form and/or special interrogatories, with the questions arranged in a logical sequence.  If the parties cannot agree upon a verdict form and/or special interrogatories, they shall file a joint document containing each party's alternative version along with a brief explanation of each party's respective position.

The joint set of proposed jury instructions, the joint memorandum of law, and verdict form(s) and/or special interrogatories are to be filed with the PTCO and other Local Rule 16 documents.  Courtesy Copies shall be provided to the Court in accordance with Section 3 of the Court's Standing Order.  **In addition, the parties shall e-mail the joint set of proposed jury instructions, joint memorandum of law, and verdict form(s) and/or special interrogatories in WordPerfect or Word format to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing.**

Immediately after the Court's final ruling on the disputed jury instructions, counsel shall file one final "clean set" of jury instructions, which shall be sent into

the jury room for the jury's use during deliberations.  The "clean set" shall contain only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. ___ " (eliminating supporting authority, citations to the PTCO, etc.).  Counsel shall also e-mail the final "clean set" of jury instructions in WordPerfect or Word format to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing.

**Caveat**:  **The failure of any counsel to comply with or cooperate in <u>all</u> of the foregoing procedures regarding jury instructions and/or verdict forms will constitute a waiver of all objections to the jury instructions and/or verdict form used by the Court or will constitute a waiver of jury trial and/or the striking of the jury demand.**

**(g) Real-Time Reporting Requirement**

Each party must file with the Court, at the same time counsel submit the PTCO, a document for the Court Reporter which contains proper names, unusual or scientific terms, or any foreign or uncommon words that are likely to be used by the parties during the PTC and the Trial.  Each party shall also e-mail a copy of the document to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing.

**(h)  Joint Statement of the Case and Requests for Voir Dire**

Three days prior to the Pre-Trial Conference, the parties shall file their proposed voir dire questions and their joint statement of the case which the Court shall read to all

prospective jurors prior to the commencement of voir dire. The statement should be not longer than two or three paragraphs.

The Court conducts voir dire of all prospective jurors. The parties need not submit requests for standard voir dire questions, such as education, current occupation, marital status, prior jury service, etc., but should include only proposed questions specifically tailored to the parties and issues of the case.

**7.   COURT TRIALS**

**(a)   Declarations of Witness Direct Testimony**

Counsel in non-jury trials shall submit the direct testimony of their witnesses in writing in declarations executed under penalty of perjury. These declarations shall be in admissible form with an appropriate foundation established for the declarant's statements. Paragraphs in each declaration shall be numbered consecutively to facilitate the identification of paragraphs for evidentiary objections. Any exhibits which are attached to a witness declaration shall be numbered consistently with the number of the exhibit on the Pre-Trial Exhibit Stipulation.

Counsel are to exchange and file these declarations at least fourteen calendar days before trial, unless otherwise ordered by the Court. Courtesy Copies shall be provided to the Court in accordance with Section 3 of the Court's Standing Order.

Eleven calendar days before trial, counsel may file evidentiary objections to those declarations. Counsel shall prepare a separate document for each declaration for which

they have an evidentiary objection in which they shall quote
the specific language from the declaration to which they
object, followed by the objection and any relevant argument.

Counsel shall meet and confer in person and attempt to
resolve the objections to the declarations.  For each
declaration to which there is an objection, counsel shall file
a separate joint statement by noon on the sixth calendar day
before trial in the following format:

Joint Statement Re: Objections to Witness Jane Doe

The parties were able to resolve the objections as to the
following testimony: [name of witness, declaration paragraph
and line].

The parties were not able to resolve the objections as to
the following testimony:

Disputed Testimony [name of witness, declaration paragraph and
line, followed by quote of the disputed testimony]

Plaintiff's/Defendant's Grounds for the Objection:  [Cite the
basis for the objection and the argument].

Plaintiff's/Defendant's Response to the Objection:

In conjunction with the joint statement, Counsel shall
also file a separate "Ruling Chart" for each witness in the
following format:

Plaintiff's/Defendant's Objections to Declaration of Jane Doe

| Testimony | Objection | Ruling |
|---|---|---|
| Doe ¶ 3, 1:25-2:3 | Fed. R. Evid. 602 | |

Courtesy Copies of the evidentiary objections, Joint Statements, and Ruling Chart shall be provided to the Court in accordance with Section 3 of the Court's Standing Order. **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S WITNESS DECLARATIONS. THESE WILL BE DISREGARDED AND OVERRULED.**

At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the declarations will be received in evidence, either in whole or in part, or rejected. Counsel will then conduct the cross-examination and re-direct examination at trial.

Failure to comply with the terms of this Order will result in sanctions or the Court may refuse to allow that witness to testify.

**(b) Trial Briefs**

Counsel for each party shall file and serve a trial brief, not to exceed 15 pages in length, fourteen calendar days before trial.

**(c) Findings of Fact and Conclusions of Law**

Counsel for each party shall file and serve initial proposed findings of fact and conclusions of law fourteen calendar days before trial. Counsel for each party shall also e-mail a copy of their proposed findings of fact and conclusions of law to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) on the date due. Counsel for each party shall then:

(1) Underline in red the portions which it disputes;

(2)    Underline in blue the portions which it
admits; and

(3)    Underline in yellow the portions which it does
not dispute, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion,
disagree with a part of it, and/or consider a part of it
irrelevant.

The marked copy of opposing counsel's proposed findings
of fact and conclusions of law shall be filed with the Court
and served on opposing counsel eight calendar days before
trial.  Courtesy Copies shall be provided to the Court in
accordance with Section 3 of the Court's Standing Order.

**8.    SETTLEMENT**

This Court will not conduct settlement conferences in
non-jury cases which the Court will try unless counsel for all
parties and their respective clients agree either in
writing or on the record.  In jury cases, the Court will
conduct a settlement conference at the parties' joint request
if three conditions exist: (1) the parties are satisfied that
the fact issues in the case will be tried to a jury; (2) all
significant pre-trial rulings which the Court must make have
been made; and (3) the parties desire the Court to conduct the
conference, understanding that if settlement fails, the Court
will preside over trial of the case.

The parties must file a Status Report re: Settlement at
the time they lodge the Proposed Pre-Trial Conference Order.
The Status Report shall include the name and phone number of

1   the Settlement Officer who assisted the parties with their

2   settlement conference.

3       **Caveat**:  **If counsel fail to cooperate in the preparation**

4   **of the required Pre-Trial documents, fail to file the required**

5   **Pre-Trial documents, or fail to appear at the Pre-Trial**

6   **Conference and such failure is not otherwise satisfactorily**

7   **explained to the Court: (1) the cause shall stand dismissed**

8   **for failure to prosecute if such failure occurs on the part of**

9   **the plaintiff; (2) default judgment shall be entered if such**

10  **failure occurs on the part of the defendant; or (3) the Court**

11  **may take such action as it deems appropriate.**

12

13      IT IS SO ORDERED.

14

DATED:   May 28, 2025

15                                    _____

16                                    JOHN F. WALTER

                                      UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

# JUDGE JOHN F. WALTER
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury)** <br> **Estimated length:  3  days** | 8:30 am | | | | 6/30/26 |
| **[Jury trial]  Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 8:00 am | | | | 6/12/26 |
| **[Court trial] Hearing on Motions in Limine** | 8:00 am | | | | X |
| **Pre-Trial Conference (File Proposed Voir Dire Qs and Agreed-to Statement of Case three days prior to PTC)** | 8:00 am | | | | 6/5/26 |
| **Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | | | | 5/11/26 |
| **Last day for hearing motions \*** | 1:30 pm | | | | 4/20/26 |
| **Discovery cut-off** | | | | | 3/10/26 |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| | | | | | |
|---|---|---|---|---|---|
| **Last day to conduct Settlement Conference/Mediation** | | | | | 2/2/26 |
| **Last day to file Joint Report  re: results of Settlement Conference/Mediation** | | | | | 2/6/26 |

\* Motions for class certification shall be filed within 120 days after service of a pleading purporting to commence a class action (or, if applicable, within 120 days after service of the Notice of Removal), unless otherwise ordered by the Court.

Rev. 12-17-2024