**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Dale K. Galipo (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff Martis Childs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIS CHILDS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES, RICHARD BIDDLE, KENT WEGENER, BARRY HALL, and DOES 1–10,<br><br>　　　　　Defendants. | 25-cv-415-ODW(SKx)<br>*Hon. Judge Otis D. Wright*<br>*Hon. Magistrate Judge Steve Kim*<br><br>**JOINT STIPULATION TO EXTEND EXPERT DISCOVERY DEADLINES**<br><br>Current Initial Expert Disclosures Deadline:<br>　12/29/2025<br>Current Rebuttal Expert Disclosures Deadline:<br>　1/20/2026<br>Current Expert Discovery Cutoff:<br>　2/23/2026<br>Current Last day for hearing motions:<br>　3/23/2026<br><br>Proposed Initial Expert Disclosures Deadline:<br>　2/9/2026<br>Proposed Rebuttal Expert Disclosures Deadline:<br>　2/23/2026<br>Proposed Expert Discovery Cutoff:<br>　3/9/2026<br>Proposed Last day for hearing motions:<br>　4/20/2026 |

Plaintiff Martis Childs ("Plaintiff") and Defendants County of Los Angeles, Richard Biddle, Kent Wegener, and Barry Hall (collectively, "Defendants") (together, the "Parties"), by and through their respective counsel of record, hereby stipulate and request that this Court modify the Scheduling Order to extend the expert discovery deadlines as set forth below.

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon a showing of good cause and by leave of Court. *Id.* 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

Plaintiff filed this action on January 16, 2025. Defendants filed their Answer on April 21, 2025. On August 21, 2025, this Court issued its Scheduling and Case Management Order setting the Final Pretrial Conference for June 15, 2026, and Jury Trial for July 7, 2026. The Scheduling Order established the following expert discovery deadlines: Initial Expert Disclosures due December 29, 2025; Rebuttal Expert Disclosures due January 20, 2026; and an Expert Discovery Cutoff of February 23, 2026.

The Parties have engaged in extensive discovery, including several depositions and review of tens of thousands of pages of records. This case spans more than 15 years and relates directly to two separate criminal trials, each lasting several weeks.

The Parties are approaching mediation in good faith and have retained retired Judge Joseph Biderman for a full-day mediation. Mediation was originally scheduled for December 3, 2025, with the hope of settling before conducting costly expert discovery. Unfortunately, unforeseen circumstances necessitated cancellation of that date.

Given the volume of materials and complexity of the issues involved, expert discovery will be expensive. The Parties believe the case is better positioned to settle if mediation occurs before the additional costs of expert discovery have been incurred. The Parties are currently rescheduling mediation for January 2026.

Under the current Scheduling Order, initial expert disclosures are due December 29, 2025—before the rescheduled mediation can occur. If the Parties must designate experts and prepare reports prior to mediation, the prospects for a successful mediation will be significantly diminished. On the other hand, if the Parties are permitted by the Court to adjust the expert discovery deadlines slightly, they are optimistic that they will be able to resolve this case in January 2026.

Accordingly, the Parties respectfully request an extension of the expert discovery deadlines to permit mediation in January 2026 before substantial resources are invested in expert discovery. The Parties also request a short extension of the deadline for the last day to hear motions. These requested extensions do not impact any other deadlines in the Scheduling Order and will not prejudice any party. The Parties propose the following modified deadlines:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Initial Expert Disclosures | December 29, 2025 | February 9, 2026 |
| Rebuttal Expert Disclosures | January 20, 2026 | February 23, 2026 |
| Expert Discovery Cutoff | February 23, 2026 | March 9, 2026 |
| Last day for hearing motions | March 23, 2026 | April 20, 2026 |

The extension of the last day for hearing motions is necessary to ensure that dispositive motions may be filed after the completion of expert discovery. Under

the current Scheduling Order, motions to be heard on the last hearing date of March 23, 2026 would be due on or about February 16, 2026—before the proposed cutoff of March 9, 2026. This timeline would require Defendants to file any motion for summary judgment before Plaintiff's expert depositions are completed and before Defendants have the opportunity to retain rebuttal experts. By extending the last day for hearing motions to April 20, 2026, any dispositive motion would be due on or about March 16, 2026—one week after the proposed expert discovery cutoff. This will allow the Parties to complete expert discovery and permit Defendants to file a fully informed motion for summary judgment.

For the foregoing reasons, the Parties respectfully request that the Court approve this Stipulation and enter the accompanying Proposed Order modifying the Scheduling Order as set forth above.

This is the first time the Parties have requested any modification to the Scheduling Order in this action.

Dated: December 10, 2025      **LAW OFFICES OF DALE K. GALIPO**

By:    /s/   Dale K. Galipo
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff Martis Childs*

Dated: December 10, 2025

By:    /s/ Adam D. Kamenstein
Adam Kamenstein
Christine Adams
Karen Escalante
ADAMS, DUERK & KAMENSTEIN LLP

*Attorneys for Defendants*
COUNTY OF LOS ANGELES, RICHARD BIDDLE, KENT WEGENER, and BARRY HALL